IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAMUEL JOEL BASKIN, :

    Petitioner, :

                                         CIVIL ACTION 16-00340-CG-M

v. :

                                         CRIMINAL ACTION 12-00200-CG-M

UNITED STATES OF AMERICA, :

    Respondent. :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 37) and Respondent's Motion to Dismiss Petitioner's Motion to Vacate (Doc. 40). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 40) be granted, that Petitioner's Motion to Vacate (Doc. 37) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Samuel Joel Baskin. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma*

*pauperis*.

Baskin was indicted on September 6, 2012 for being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) (Doc. 1). On December 20, 2012, Baskin pled guilty to the charge; United States District Court Judge Granade accepted the plea and found Petitioner guilty (Doc. 25). On March 27, 2013, Judge Granade sentenced Petitioner to seventy-eight months on the conviction, three years of supervised release following his prison term, and an assessment of one hundred dollars (*see* Doc. 33). No appeal was filed.

Petitioner filed this Motion to Vacate on June 27, 2016 in which he raises the single claim that he should be resentenced, under a United States Supreme Court decision, *Johnson v. United States*, 576 U.S. ---, 135 S.Ct. 2551, 2557-58, 2563 (2015) (Doc. 35). Respondent filed a Motion to Dismiss on August 15, 2016 (Doc. 40). Though given the opportunity to file a Reply, as of this date, Petitioner has not done so (*see* Doc. 41).

Petitioner seeks resentencing under *Johnson*. The Eleventh Circuit Court of Appeals, in *In re Hines*, characterized the *Johnson* decision as follows:

> In *Johnson*, the Supreme Court held that the residual clause of the [Armed Career Criminal Act (hereinafter *ACCA*)] is unconstitutionally vague because it creates uncertainty about how to evaluate the risks

> posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ---, ---, 135 S.Ct. 2551, at 2557-58, 2563. The Supreme Court made clear that its holding that the residual clause is void did not call into question the validity of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at ---, 135 S.Ct. at 2563. In *Welch v. United States*, 578 U.S. ---, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

*In re Hines*, 824 F.3d 1334, 1335-36 (11th Cir. 2016).

In this action, Baskin's Presentence Investigation Report (hereinafter *PSR*) indicates that the federal charge against him was being a felon in possession of a firearm (Doc. 28, ¶ 1). The PSR states that Petitioner could be sentenced, at a maximum, to ten years imprisonment under 18 U.S.C. § 922(g)(1) (*id.* at ¶ 60).

The Court notes that the PSR makes no mention of the ACCA (*see* Doc. 28). As such, *Johnson* is inapplicable here. Baskin's claim otherwise is without merit.

Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Samuel Joel Baskin.

Furthermore, pursuant to Rule 11(a) of the Rules Governing

3

§ 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court has found that Baskin failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Petitioner will not be able to make that showing.

## CONCLUSION

It is recommended that Respondent's Motion to Dismiss be granted (Doc. 40) and that Petitioner's Motion to Vacate (Doc.

37) be denied.  It is further recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Samuel Joel Baskin.  Finally, it is recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 2nd day of September, 2016.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE